UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Lisa M. Borrello,

                              Plaintiff,


                        v.

                                                                 **Hon. Hugh B. Scott**

                                                                 00CV177A

New York State Department of Correctional
Services; Ronald Moscicki, Superintendent of Lakeview
Shock Incarceration Correctional Facility; Michael            **Decision**
Marshall, Deputy Superintendent of Lakeview Shock               **&**
Incarceration Correctional Facility; Richard Moffit, Food             **Order**
Service Administrator at Lakeview Shock Incarceration
Correctional Facility; Brian McKenna, Head Cook and
Supervisor at the Lakeview Shock Incarceration
Correctional Facility; Amy Farnham, Head Cook at the
Lakeview Shock Incarceration Correctional Facility; and
Dawn Raynor, Head Cook and Supervisor at the
Lakeview Shock Incarceration Correctional Facility,

                              Defendants.
_____

      Before the Court are the plaintiff's motions to compel discovery (Docket No. 153, 156

and 159);[1] as well as the defendants' cross-motion to compel (Docket No. 164).

      Borrello seeks further responses from the defendants as to Interrogatory Requests Nos. 8,

13, 14, 15, 16, 17 and 18 (Docket No. 155 at page 3; Docket No. 157 at ¶¶ 14a -b). These

---

    [1] According to the docket, the plaintiff has filed three motions to compel (Docket Nos. 153, 156 and 159) all within one week. The motions appear to seek mostly the same relief.

1

interrogatories seek as follows:

8. Please state if you have compiled any documents that contain statistics, charts, graphs or reports relative to the genders of cooks, head cooks and/or other department employees for the years 1994 through the present. If so, please provide any and all such documents.

13. Please state separately for each year, the number of department employees including probationary employees, and their genders, who were discharged, terminated, transferred, or resigned from Lakeview commencing with 1990 and for each year thereafter through the present.

14. Please state the names, addresses and telephone numbers of all females that have been employed at Lakeview commencing with 1990 and for each year thereafter through the present, including the dates of their employment and the positions that they held, including job titles and pay grades.

15. Please state the names, addresses, telephone numbers and genders of all persons employed at Lakeview who have requested promotions commencing in 1990 and for each year thereafter through the present, including title of the job that they applied for and its pay grade.

16. Please state the names, addresses, telephone numbers and genders of all persons who received a promotion while they were employed at Lakeview commencing with 1990 and for each year thereafter through the present, including the dates of the promotions and the types of promotions received, including job titles and pay grades.

17. Please state the names, addresses, telephone numbers and genders of all persons who received a demotion while they were employed at Lakeview commencing with 1990 and for each year thereafter through the present, including the date of the demotion, the type of demotion received, and the old and new job titles and pay grades.

18. Please state the names, addresses, telephone numbers and genders of all persons employed at Lakeview who have transferred to any other position of employment

>commencing in 1990 and for each year thereafter through the present including the title of the job that they were transferred to, its location and pay grade.

If the defendants have compiled information regarding the gender of cooks as described in Interrogatory No. 8, it should be produced within 30 days. If no such information exits, the defendants shall provide a written statement in that regard. The Court finds that Interrogatories Nos. 13-18 are overly broad, unduly burdensome and seek information beyond the scope of the plaintiff's claims. The defendants need not respond to these requests.

The plaintiff also seeks the personnel files of each of the civilian cooks and head cooks at Lakeview, in addition to the personnel files of each of the defendants as requested in Document Demands Nos. 14, 29, 33, 36, 39, 42 - 48, 50-53. (Docket Nos. 155 at page 6; 157 at ¶14) Further, the plaintiff seeks responses to Demand Nos. 93, 104, 105, 106, 128, 145, 152, and 153. (Docket Nos. 155 at page 6; 156 at ¶14)

With respect to the personnel files (Demand Nos. 14, 29, 33, 36, 39, 42 - 48, 50-53), the defendants object to producing these files citing privacy concerns as well as §50-a of the New York State Civil Rights Law and §96(1) of the New York Public Officers Law. However, these state statutes do not act as an absolute bar to disclosure in federal court civil rights actions. See Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988); Sheppard v. Phoenix, 1998 WL 397846 (S.D.N.Y. 1998); Mercado v. Division of New York State Police, 989 F.Supp. 521, (S.D.N.Y. 1998); Sidari v. Orleans County, 174 F.R.D. 275 (W.D.N.Y. 1996); Hauch v. County of Nassau, 1987 WL 12557 (E.D.N.Y. 1987)   However, that does not mean the state statutes need be given no weight or effect.  In the instant case, the defendants are directed, within 30 days of the

date of this Order, to produce the identified personnel files to plaintiff's counsel subject to the following conditions:

(1) The documents are to be marked confidential.

(2) The documents are to be produced to plaintiff's counsel "for attorneys eyes only;" except as stated below, the documents may not be disclosed to the plaintiff or any other party or non-party without Court order.

(3) The documents may only be used in connection with this litigation. The documents may not be attached to any publically filed document or papers in this matter. Any documents containing information taken from these documents shall be filed under seal. A document may be used during the deposition of the author or recipient of the document. However, the parties shall take steps to seal any portions of depositions referring to information taken from these documents.

(4). The documents shall be returned by the plaintiff to the defendants upon the conclusion of this litigation. The plaintiff shall not make or retain any copies of these documents.

With respect to the remaining discovery demands at issue, the plaintiff seeks:

* copies of all timecards or other timekeeping records for all other cooks, head cooks, and civilian mess hall employees at Lakeview from October 1997 through the present (Demand No. 93);

* documents relating to "every person other than Jan Ortel who was offered the job" of head cook at Lakeview from October 1997 to present (Demand No. 104);

* copies of all evaluations given to head cook candidates at Lakeview from 1997 to present (Demand No. 105);

* copies of all evaluations given to "every person who has been employed as a cook or head cook at Lakeview since it began operations (Demand No. 106);

* copies of any reports, internal investigations, hearing or disciplinary actions related to the falsification of time cards, time sheets or other employee work records by any of the Defendants in this case (Demand No. 128);

* copies of all documents relating to any formal or informal counseling that was

4

>    given to Amy Farnham as a result of her running out of food at mealtime on or about March 6, 1999 (Demand No. 145);
>
> \*    copies of all files or other documents that Marshall or any other DOCS employee kept on McKenna prior to, or after McKenna became a head cook (Demand No. 152);
>
> \*    copies of all documents used to evaluate and compare McKenna and Farnham when Farnham was promoted to the position of head cook over McKenna on September 6, 1994 (Demand No. 153).

The plaintiff's request for copies of all time cards or other timekeeping records for all other cooks, head cooks, and civilian mess hall employees at Lakeview from October 1997 through the present (Demand No. 93) is overly broad, unduly burdensome, and beyond the scope of the plaintiff's claims in this matter. The defendants need not respond to this claim. The defendants represent that the have already produced all responsive documents relating to Demand No. 104. (Docket No. 163 at ¶ 7(b)). This response is sufficient. The plaintiff's requests in Demands No. 105 and 106 are also overly broad, unduly burdensome and largely beyond the scope of the plaintiff's claims. The defendants need not respond to these claims as well.

The defendants shall produce copies of any reports or internal investigations requested in Demand No. 128. Similarly, to the extent the defendants have not already responded to the plaintiff's requests in Demand Nos. 145, 152 and 153, the defendants shall produce the requested documents within 30 days of the date of this Order.

The defendants cross move seeking the following discovery from the plaintiff: (1) the plaintiff's elementary and high school records; (2) the plaintiff's accounting and financial records; (3) records of the New York State Alcohol Beverage Control Board and State Liquor Authority regarding plaintiff's bar; and (4) records from the Federal Housing Administration,

M&T Bank, and other mortgage companies that assisted the plaintiff in acquiring 3 income properties. (Docket No. 164-1 at page 2). The oft-extended discovery deadline in this case was August 1, 2005.  Four days prior, on July 27, 2005, counsel for defendant Moffit e-mailed plaintiff's counsel seeking the above items. The defendants do not articulate why the request for this information was made at such a late date.  It would seem that if this information was truly needed with respect to the defense of this case, it would have been requested long before July 27, 2005.  Further, the defendants have not demonstrated that an appropriate discovery demand for the information was ever served upon the plaintiff.  The defendant has not presented authority suggesting that e-mails suffice as formal discovery demands under the Federal Rules of Civil Procedure.   The defendants' cross-motion to compel is denied.

As otherwise directed above, the Court declines to reopen or further extend the discovery period in this case.  Any discovery not expressly directed in this order, shall be upon the mutual consent of the parties.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 21, 2006