UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Lisa M. Borrello,

                              Plaintiff,

                    v.

                                      **Hon. Hugh B. Scott**

                                      00CV177A

New York State Department of Correctional
Services; Ronald Moscicki, Superintendent of Lakeview
Shock Incarceration Correctional Facility; Michael       **Report**
Marshall, Deputy Superintendent of Lakeview Shock         **&**
Incarceration Correctional Facility; Richard Moffit, Food     **Recommendation**
Service Administrator at Lakeview Shock Incarceration
Correctional Facility; Brian McKenna, Head Cook and
Supervisor at the Lakeview Shock Incarceration
Correctional Facility; Amy Farnham, Head Cook at the
Lakeview Shock Incarceration Correctional Facility; and
Dawn Raynor, Head Cook and Supervisor at the
Lakeview Shock Incarceration Correctional Facility,

                              Defendants.
_____

      Before the Court is defendant Dawn Raynor's motion for summary judgement (Docket No. 189).[1]

---

   [1] This motion was not resolved in the Report & Recommendation dated 3/21/06.

1

The plaintiff, Lisa M. Borrello ("Borrello"), brings this action alleging that the defendants violated her civil rights under 42 U.S.C. §2000e ("Title VII") and New York State law. Named as defendants in this matter are: New York State Department of Correctional Services ("DOCS"); Ronald Moscicki ("Moscicki"), Superintendent of Lakeview Shock Incarceration Correctional Facility ("Lakeview") ; Michael Marshall ("Marshall"), Deputy Superintendent of Lakeview; Richard Moffit ("Moffitt"), Food Service Administrator at Lakeview; Brian McKenna ("McKenna"), Head Cook and Supervisor at Lakeview; Amy Farnham ("Farnham"), Head Cook at Lakeview; and Dawn Raynor ("Raynor"), Head Cook and Supervisor at Lakeview.

The facts underlying the plaintiff's claim's are dealt with at length in this Court's March 21, 2006 Report & Recommendation, knowledge of which is assumed herein.

Raynor argues that once Borrello was promoted to the position of head cook, both Raynor and Borrello were of equal title. Thus, Raynor argues, she no longer had any authority over Borrello in any manner and could not participate in the alleged actions for which Borrello seeks injunctive relief as to Raynor.[2] It appears undisputed that Raynor is no longer in a position to participate in the harassing activity of which Borrello complains in the complaint. Preiser v. Newkirk, 422 U.S. 395, 402 (1975)( a case is deemed moot where the problem sought to be remedied has ceased, and there is no reasonable expectation that the wrong will be repeated).

Borrello has not responded to the arguments asserted by Raynor. Thus, it is recommended that Raynor's motion for summary judgment be granted.

---

[2] Borrello does not seek monetary damages with respect to her §1983 claim against Raynor.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations

to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

      So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 30, 2006