UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Lisa M. Borrello,

                              Plaintiff,


                    v.

                                                        **Hon. Hugh B. Scott**

                                                          00CV177A

New York State Department of Correctional
Services; Ronald Moscicki, Superintendent of Lakeview          **Decision**
Shock Incarceration Correctional Facility; Michael              **&**
Marshall, Deputy Superintendent of Lakeview Shock              **Order**
Incarceration Correctional Facility; Richard Moffit, Food
Service Administrator at Lakeview Shock Incarceration
Correctional Facility; Brian McKenna, Head Cook and
Supervisor at the Lakeview Shock Incarceration
Correctional Facility; Amy Farnham, Head Cook at the
Lakeview Shock Incarceration Correctional Facility; and
Dawn Raynor, Head Cook and Supervisor at the
Lakeview Shock Incarceration Correctional Facility,

                              Defendants.

_____


        Before the Court is the plaintiff's motion to compel discovery (Docket No. 270).


                          **Background**

        The plaintiff, Lisa M. Borrello ("Borrello"), brings this action alleging that the defendants

violated her civil rights under 42 U.S.C. §2000e ("Title VII") and New York State law.  Named

as defendants in this matter are: New York State Department of Correctional

                                  1

Services ("DOCS"); Ronald Moscicki ("Moscicki"), Superintendent of Lakeview Shock

Incarceration Correctional Facility ("Lakeview") ; Michael Marshall ("Marshall"), Deputy

Superintendent of Lakeview; Richard Moffit ("Moffitt"), Food Service Administrator at

Lakeview; Brian McKenna ("McKenna"), Head Cook and Supervisor at Lakeview; Amy

Farnham ("Farnham"), Head Cook at Lakeview; and Dawn Raynor ("Raynor"), Head Cook and

Supervisor at Lakeview.

 This case has been the subject of several prior Court rulings.  The Court presumes the

knowledge of the relevant underlying facts.

 This is yet another pretrial motion in what has been a highly contentious matter.   The

instant motion seeks to compel the defendants to respond to portions of the plaintiff's second

request for the production of documents and second set of interrogatories served upon defendants

Mosicki and Moffit; and the first set of document requests served upon defendant Farnham.

More specifically, the motion concerns the following:

> The Plaintiff's First Request for Documents Interrogatories served
> upon defendant Farnham: The plaintiff seeks un-redacted versions
> of all planners, diaries and other documents used by Farnham to
> record work related events from 1977 to the present.  The
> defendants have produced redacted copies of these documents
> which disclose all entries in these documents relating to the
> plaintiff.

 The following discovery requests are from the plaintiff's second set of interrogatories and

document demands served upon defendants Mosicki and Moffit:

> Interrogatory No. 4 and Document Request No. 35: These items
> seek  an explanation of and documents relating to of the
> administrative action taken against Dawn Raynor as a result of a
> finding by the DOCS Office of Diversity Management ("ODM")

that Raynor harassed Craig Rosplock, another Lakeview cook.

Document Requests No. 30, 31 and 58: These requests seek
unredacted versions of documents produced by the defendants in
redacted form.  The documents include: (1) a June 20, 2002
memorandum from Moffit to Marshall; (2) a list of all informal and
formal counselings given to civilian cooks from 1994 to the
present; (3) copies of Moffit's planners, diaries or other documents
used to record work related events from 1997 to 2004.

Document Request No. 59: The request seeks documents relating
to any counseling given to Howard Swader as a result of a finding
by the ODM that Swader allegedly harassed Karen  Howard.

Document Request No. 60: This request seeks all documents
relating to how DOCS addressed Swader's alleged failure to
supervise staff.

Document Request No. 78: The plaintiff seeks all documents
relating to any discipline received by defendant Marshall during
the entire time he was employed at Lakeview.

In her reply papers, the plaintiff has stated that she is now satisfied with the defendants

response to the requests relating to the administrative action taken against Dawn Raynor

(Interrogatory No. 4 and Document Request No. 35).  The Court need not address these requests

further.

With respect to the plaintiff's requests for unredacted versions of the planners, diaries,

and other documents from defendants Farnham, Mosicki and Moffit showing notations related to

counselings given to other civilian cooks, the defendants contend that these requests are

duplicative inasmuch as the Court has already ordered the disclosure of the personnel files of the

civilian cooks at Lakeview.  However, the plaintiff points out that under the applicable collective

bargaining agreement ("CBA"), a Lakeview employee could request to have information relating

to such counselings over two years old removed from their personal history folder.    (Docket No. 277, Exhibit A).  Under such circumstances, the unredacted documents sought by the plaintiff may contain potentially relevant information not otherwise contained in the personnel files.  Subject to the conditions set below, the defendants are directed to produce copies of the planners, diaries, and other documents sought by the plaintiff unredacted so that they include all references to formal and informal to civilian cooks at Lakeview.[1]

The plaintiff also requests documents relating to any counselings given to Howard Swader with respect to the alleged harassment of Karen Howard.  The defendants assert that the incident involving Swader and Howard is factually irrelevant to the issues in this case. The plaintiff argues that these documents are evidence as whether or not the ODM takes adequate action to redress discrimination claims.  (Docket No. 277 at ¶ 12).  This request is denied. The plaintiff has not articulated whether the underlying facts or the ODM's conduct with respect to the matter involving Swader and Howard are similar or dissimilar to the plaintiff's claims in this matter.  Further, the plaintiff has not demonstrated that the ODM's handling of the Swader/Howard matter is "typical" of the ODM's treatment of all such complaints or that it would be useful with respect to the claims in this case.  Although the plaintiff may claim that the ODM did not adequately respond to her claims, the plaintiff has not demonstrated how information regarding the Swader/Howard matter would support her claims against the defendants in this case. Inasmuch as the handling of discrimination claims is often factually specific, the plaintiff has not demonstrated that information relating to the ODM's treatment of

---

[1]   The addresses the plaintiff's requests including Plaintiff's First Request for Documents to Raynor; as well as Document Requests 30, 31 and 58 of the Plaintiff's Second Set of Document Requests to Mosicki and Moffit.

other cases would be relevant to the case at hand.  The Court notes that the plaintiff has not named the ODM (or its individual officers) as a party to this action. Thus, the plaintiff has not demonstrated that the disclosure of such sensitive, confidential information relating to individuals who are not parties to this action is warranted. The defendants need not respond to Document Requests 59 and 60.

Finally, the plaintiff seeks documents relating to a Notice of Discipline given to defendant Marshall.  The defendants assert that information relating to this matter would be contained in Marshall's personnel file, which has already been ordered to be disclosed.  The plaintiff contends, however, that Marshall's personnel file has not yet been disclosed and that it is possible that the personnel file will only include the Notice of Discipline and not the explanation and reason behind the disciplinary action.  The underlying basis for any discipline taken against Marshall may be relevant to this case.  The Court directs that the defendants produce the documents relating to this matter subject to the conditions set below.

With respect to any of the documents herein ordered to be produced by the defendants, the production of this information shall be subject to the following conditions:

(1) The documents are to be marked confidential.

(2) The documents are to be produced to plaintiff's counsel "for attorneys eyes only;" except as stated below, the documents may not be disclosed to the plaintiff or any other party or non-party without Court order.

(3) The documents may only be used in connection with this litigation.  The documents may not be attached to any publically filed document or papers in this matter.  Any documents containing information taken from these documents shall be filed under seal. A document may be used during the deposition of the author or recipient of the document.  However, the parties shall take steps to seal any portions of depositions referring to information taken from these documents.

(4). The documents shall be returned by the plaintiff to the defendants upon the conclusion of this litigation.  The plaintiff shall not make or retain any copies of these documents.

Subject to those conditions, the defendants are directed to produce the documents within 30 days of the date of this Order.

The plaintiff has also requested attorneys fees associated with respect to making the instant motion. As discussed above, the plaintiff was only partially successful in the instant motion and the defendants objections were substantially justified. The Plaintiff's request for attorneys fees is denied.

So Ordered.

_/s/ Hugh B. Scott_
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 20, 2006

6