UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Lisa M. Borrello,

                            Plaintiff,

                    v.

                                                    **Hon. Hugh B. Scott**

                                                      00CV177A

New York State Department of Correctional
Services; Ronald Moscicki, Superintendent of Lakeview
Shock Incarceration Correctional Facility; Michael           **Report**
Marshall, Deputy Superintendent of Lakeview Shock                **&**
Incarceration Correctional Facility; Richard Moffit, Food          **Recommendation**
Service Administrator at Lakeview Shock Incarceration
Correctional Facility; Brian McKenna, Head Cook and
Supervisor at the Lakeview Shock Incarceration
Correctional Facility; Amy Farnham, Head Cook at the
Lakeview Shock Incarceration Correctional Facility; and
Dawn Raynor, Head Cook and Supervisor at the
Lakeview Shock Incarceration Correctional Facility,

                            Defendants.
_____

      Before the Court is defendant Michael Marshall's motion for summary judgement (Docket No. 306).

The plaintiff, Lisa M. Borrello ("Borrello"), brings this action alleging that the defendants violated her civil rights under 42 U.S.C. §2000e ("Title VII") and New York State law. Named as original defendants in this matter were: New York State Department of Correctional Services ("DOCS"); Ronald Moscicki ("Moscicki"), Superintendent of Lakeview Shock Incarceration Correctional Facility ("Lakeview") ; Michael Marshall ("Marshall"), Deputy Superintendent of Lakeview; Richard Moffit ("Moffitt"), Food Service Administrator at Lakeview; Brian McKenna ("McKenna"), Head Cook and Supervisor at Lakeview; Amy Farnham ("Farnham"), Head Cook at Lakeview; and Dawn Raynor ("Raynor"), Head Cook and Supervisor at Lakeview. The complaint has been dismissed as against defendants Farnham and Raynor. (Docket No. 295).

The facts underlying the plaintiff's claim's are dealt with at length in prior rulings by this Court, knowledge of which is assumed herein.

Marshall, who was sued solely in his official capacity as Deputy Superintendent of the Lakeview Shock Correctional Facility, moves to dismiss the complaint as against him on the grounds that he no longer has any supervisory role over the plaintiff. He asserts that on or about April 16, 2007, he was demoted to the title of Food Services Administrator II and transferred to the Gowanda Correctional Facility. (Docket No. 308). Similar motions were previously filed, and granted, on behalf of defendants Farnham and Raynor. The plaintiff does not dispute the fact of Marshall's demotion and transfer, but argues that the defendant has not demonstrated that the challenged conduct cannot reasonably be expected to start up again at some later point. (Docket No. 312 at page 2). The plaintiff does not point to any facts which would support a finding that Marshall, in his new title and job location, remains in a supervisory position over her or that he

has, or is likely to have, any interaction with her in any manner whatsoever.  The plaintiff argues that Marshall's motion should be denied because Marshall stated only that he could "not foresee" any circumstances in which he would ever supervise Borrello, but that he did not state that he "will not" have any interaction with the plaintiff.  The plaintiff also suggested that discovery was required to determine whether Marshall has any re-employment rights under a collective bargaining agreement to return to Lakeview in a supervisory role.  (Docket No. 313-2 at page 3-4).  In reply, Marshall has submitted a Declaration again stating that in his new title and job location he has no interaction with Borrello (something that appears undisputed), and that he would not accept any position as a Food Services Administrator II at any facility where he would supervise Borrello.  Further, Marshall notes that Deputy Superintendents do not belong to any union, and presumably, has no contractual re-employment rights.  (Docket No. 315 at ¶¶ 3-5).

      Marshall's declaration does not foreclose every conceivable possibility of future interaction with Borrello. The plaintiff's arguments are similar to those extended, but rejected,  in response to Farnham's motion for this very same relief in this case. (Docket No. 259 at page 44-45; Docket No. 295).  Marshall need not foreclose every possibility, but need only demonstrate that a reasonable expectation that he would return to a supervisory position over Borrello does not exist.  The Supreme Court has held that while the burden is on the party asserting the mootness argument to demonstrate that the alleged wrongful behavior could not reasonably be expected to occur; the purpose of injunctive relief is to prevent future violations and there must exist more than the mere possibility which serves to keep the case alive.  <u>United States v. W. T. Grant</u>, 345 U.S. 629,  633 (1953).

It appears undisputed that Marshall is no longer in a position to participate in the harassing activity of which Borrello complains in the complaint. Preiser v. Newkirk, 422 U.S. 395, 402 (1975)( a case is deemed moot where the problem sought to be remedied has ceased, and there is no reasonable expectation that the wrong will be repeated).  There is no reasonable basis in the record to suggest an expectation that Marshall will return to any supervisory role over, or have any interaction with, the plaintiff.   The plaintiff has also failed to articulate a reasonable basis for discovery on this issue.

Based on the above, it is recommended that Marshall's motion to for summary judgment be granted.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir.

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

/s/ Hugh B. Scott<br>United States Magistrate Judge<br>Western District of New York

Buffalo, New York
November 5, 2007