UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA BORRELLO,

        Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES ("DOCS");
RONALD MOSCICKI, as Superintendent;
MICHAEL MARSHALL, as Deputy
Superintendent;
RICHARD MOFFIT, as Food Service
Administrator;
BRIAN McKENNA, Individually and as Head
Cook
and Supervisor;
AMY FARNHAM, as Head Cook and
Supervisor;
DAWN RAYNOR, as Head Cook and
Supervisor;

        Defendants.

STIPULATION OF SETTLEMENT,
GENERAL RELEASE, and
ORDER OF DISMISSAL

00-CV-0177A(Sc)

---

        **STIPULATION OF SETTLEMENT, GENERAL RELEASE, and ORDER OF DISMISSAL** ("the Agreement") made by and between Lisa Borrello ("Plaintiff") and the New York State Department of Correctional Services ("DOCS"); Ronald Moscicki, Superintendent of Lakeview Shock Incarceration Correctional Facility ("Lakeview SICF") and Richard Moffit, Lakeview SICF Food Services Administrator (both sued only in their official capacities); and Brian McKenna, former Lakeview SICF Head Cook (sued in both his individual and official capacities) (hereinafter, collectively, "Defendants"), as of January 14th, 2009:

1

**WHEREAS,** Plaintiff commenced this action by filing a complaint on or about February 25, 2000, and a second amended complaint on or about March 1, 2005 ("the Second Amended Complaint"), alleging, *inter alia*, claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983 (federal civil rights), and several state law provisions ("the Action"); and

**WHEREAS,** the Court granted summary judgment dismissing Plaintiff's Action against Defendants Amy Farnham ("Farnham"), Dawn Raynor ("Raynor") and Michael Marshall ("Marshall"), without specific direction that the Action as to each of these former defendants was dismissed with prejudice; and

**WHEREAS,** Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in this matter whatsoever; and

**WHEREAS,** neither the Plaintiff nor any Defendant is an infant or incompetent person for whom a committee, conservator or guardian has been appointed; and

**WHEREAS,** Plaintiff and Defendants desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability;

**NOW THEREFORE,** in consideration of the mutual promises, covenants, representations, payments and other considerations contained in this Agreement, Plaintiff and Defendants hereby stipulate and agree as follows:

1. <u>**Dismissal of the Action with Prejudice**</u>: The Action against all Defendants, including former defendants Farnham, Raynor, and Marshall, is hereby dismissed with prejudice pursuant to Fed.R.Civ.P. 41(a) and without payments, attorneys' fees, costs,

disbursements or expenses in excess of the amounts specified in paragraphs 3 and 4 of this Agreement.

    2.    **Submission of Voluntary Resignation**: Plaintiff resigns from her position with the New York State Department of Correctional Services, effective at the close of business on the date she signs this Agreement and simultaneously submits an executed Irrevocable Letter of Resignation bearing the same date. A copy of Plaintiff's Irrevocable Letter of Resignation from DOCS, signed on January 14th, 2009, is annexed hereto as **Exhibit A**.

    3.    **Payment to Plaintiff**: For and in consideration of the dismissal with prejudice of the Action against all current and former Defendants, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant DOCS shall cause the following sums to be paid to Plaintiff in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against all current and former Defendants, including the State of New York, its officials and employees, arising out of conduct, acts or omissions prior to and as of the date of this Agreement, including but not limited to those asserted in the Action:

    a.    To Plaintiff, a back pay award in the amount of One Hundred Forty Thousand Dollars ($140,000.00), subject to applicable withholding and/or payroll deductions, including but not limited to federal, state, and local taxes, such payment to be made as per the provisions of paragraph 5(a) of this Agreement; and

    b.    To Plaintiff, damages in the amount of Five Hundred Thirty Four Thousand Dollars ($534,000.00), such payment to be made as per the provisions of paragraph 5(b) of this Agreement.

4. **Payment of Attorneys' Fees and Costs**: For and in consideration of the dismissal with prejudice of the Action against all current and former Defendants, including the State of New York, its officials and employees, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant DOCS shall cause the following sum to be paid to Plaintiff's counsel, Robert L. Boreanaz, in full and complete satisfaction of all claims for attorney's fees, costs, disbursements and expenses incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences or omissions asserted in this Action:

a. Attorneys' fees and costs in the amount of $1,118,528.08, such payment to be made as per the provisions of paragraph 5(b) of this Agreement.

5. **Form of Payment of Back Pay and Damages Awards to Plaintiff and of Attorneys' Fees Award**: The payments described above in paragraphs 3 and 4 shall be paid pursuant to the following provisions:

a. **Back Pay Award**: Payment of the back pay award described above in paragraph 3(a), for which amount an I.R.S. Form W2 shall be issued, shall be made by check payable to the order of Lisa Borrello and shall be delivered as soon as practicable to the attention of Thomas W. Bender to be held in escrow in accordance with the provisions contained below in paragraph 5(c) of this Agreement

b. **Damages Award and Attorneys' Fees**: Payment of the damages award to Plaintiff described above in paragraph 3(b), together with the payment of the attorneys' fees award described above in paragraph 4(a), shall be made by a means of a single check in the total amount of these two awards, for which total amount an I.R.S.

4

Form 1099 shall be issued, such check to be made payable to the order of Robert L. Boreanaz, Esq., Lipsitz Green Scime Cambria, and shall be delivered as soon as practicable to the attention of Thomas W. Bender to be held in escrow in accordance with the provisions contained below in paragraph 5(c) of this Agreement.

    c.    **Escrow**: Thomas W. Bender, attorney for DOCS, whose business address is Bender, Crawford & Bender, LLP, 68 Niagara Street, Buffalo, New York 14202, shall receive and hold in escrow the funds described in paragraphs 3(a) and 3(b) above. If held in escrow for more than twenty-one (21) days, then such funds shall be placed in an interest bearing account. All such funds (and any interest) shall be released from escrow and delivered to Robert L. Boreanaz, Esq. whose business address is Lipsitz Green Scime Cambria LLP, 42 Delaware Avenue, Suite 120, Buffalo, New York 14202 within two (2) business days of Thomas Bender's receipt of documentation that establishes that Plaintiff promptly complied with any and all of her obligations with respect to any then pending three (3) specified Workers Compensation claims, numbered 80305061 (3/6/03), 89808825 (12/1/97) and 89809347 (4/12/98) (herein collectively the "Three Claims") as required in Paragraph 9(g) below.

    6.    **State Approval of Payments**: The payments referenced in paragraphs 3 and 4 of this Agreement are subject to the approval of all appropriate New York State officials in accordance with Section 17 of the New York Public Officers Law. If this Agreement is not approved by all appropriate New York State officials, of which the approvals of DOCS and the New York State Office of the Attorney General shall occur on or before February 18, 2009, or should this Agreement not be approved or "So Ordered" by the Court, then the Agreement, and all of its provisions, including Plaintiff's resignation under paragraph 2, will be null and void. In

5

the event that the said approvals are not given, Plaintiff's employment relationship with DOCS shall be immediately restored to the title and position at the Lakeview SICF which she held on the date of her resignation, and Plaintiff shall be made whole in all respects for the period commencing from the effective date of her resignation to the date she is fully restored.

7.  **Accrual of Interest**: In the event that the payments referenced in paragraphs 3 and 4 of this Agreement have not been made by the 120th day after receipt by counsel for DOCS, Thomas W. Bender, Esq., of the United States District Court's electronic notification of the Court's filing of a "So Ordered" copy of this Agreement, endorsed by a District Court Judge and entered into the record, interest on any of the sums not paid by the one hundred twentieth (120th) day shall begin to run on the one hundred twenty-first (121st) day at the statutory rate pursuant to 28 U.S.C. § 1961.

8.  **Indemnification for Tax Liability**: In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that any or all of the Defendants are liable for the failure of Plaintiff and/or her attorneys to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payments referred to in paragraphs 3 and 4 of this Agreement, or are liable for interest or penalties related thereto, Plaintiff and her counsel severally agree to reimburse and indemnify Defendants for such liability in excess of the amount of any taxes withheld with respect to any portion of the payments referred to in paragraphs 3 and 4. Such reimbursement and indemnification shall apply only against the party - Plaintiff or her counsel - whose failure to pay federal, state or local income or other taxes or withholdings has given rise to the finding of tax liability.

9. **General Release in Favor of Defendants.**  For and in consideration of the payments referenced in paragraphs 3 and 4 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors and assigns (collectively "the Releasing Parties"), hereby releases and forever discharges Defendants and all their present and former officials, principals, directors, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, including but not limited to the State of New York, its officials and employees, DOCS, Lakeview SICF Superintendent Ronald Moscicki, former Lakeview SICF Deputy Superintendent of Administration Michael Marshall, Lakeview SICF Food Services Administrator Richard Moffit, former Lakeview SICF Head Cook Amy Farnham, Lakeview SICF Head Cook Dawn Raynor, and former Lakeview SICF Head Cook Brian McKenna (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, asserted or unasserted, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Agreement, including but not limited to:

    a.  Any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Second Amended Complaint in the Action;

b. Any and all claims regarding or arising directly or indirectly from Plaintiff's employment and/or association with any of the Released Parties, or from the terms and conditions of her employment and/or association with any of the Released Parties;

c. Any and all claims of harassment, hostile work environment or discrimination based upon gender, disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, status, pregnancy or medical condition;

d. Any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. Sec. 1981; 42 U.S.C. Sec. 1983; 42 U.S.C. Sec. 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e *et seq.*; the Equal Pay Act, 29 U.S.C. Sections 206(d) *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Sections *621 et seq.*; Titles I and II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Sections 12101, *et seq.*; the New York State Human Rights Law; N.Y. Civil Service Law Sec. 75-b; N.Y. Labor Law Sections 740 and 741; and New York State law; the United States Constitution; and/or the New York State Constitution;

e. Any and all claims for salary, bonuses, severance pay, vacation pay, incentive pay or other compensation, or any non-vested retirement or non-vested pension plan benefits;

f. Any and all grievances pursuant to Plaintiff's Civil Service Employment Association Collective Bargaining Agreement ("CSEA CBA");

8

     **g.**     Any and all Workers' Compensation claims that pertain now or may pertain in the future in any way, in whole or in part, to any of the allegations made by Plaintiff in this litigation, including but not limited to those related to alleged stress disability and/or loss of work allegedly due to discrimination, retaliation, harassment, and/or similar claims, and specifically including the following Workers' Compensation claims: # 80305061 (3/6/03), # 89808825 (12/1/97) and # 89809347 (4/12/98) (herein collectively the "Three Claims"). In the event that the Three Claims are no longer pending at the time this Agreement has been executed, then Plaintiff shall submit to Defendants evidence of the termination of such Three Claims. To the extent any of the Three Claims are pending at the time this Agreement has been executed, then Plaintiff will timely seek the dismissal with prejudice of the Three Claims with the NYS Workers' Compensation Board and will promptly provide to counsel for Defendant DOCS, Thomas W. Bender, evidence of their termination. In the event that despite Plaintiff's actions outlined in this paragraph, any of the Three Claims continue, Plaintiff acknowledges that the State need not make any Workers Compensation payments to Plaintiff as the result of any of the Three Claims. Nothing in this paragraph or this Agreement affects the rights of Plaintiff with respect to the following Workers Compensation claims: #89115862, # 89706662, # 89712242, #80004624, # 80200902, and # G0032766.

     **h.**     Any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious

interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorney's fees, or any other claims under federal, state, or local law relating to employment, or otherwise.

      i.      Nothing in this Agreement affects the right of Plaintiff to be paid for any accruals to which Plaintiff would otherwise be entitled upon separation from State service in accordance with the rules of the New York State Department of Civil Service.

This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments, officials and employees, related to or arising from any transactions, acts, omissions or occurrences up to and including the date of this Agreement.

    10.    **General Release in Favor of Plaintiff**: By execution of this Agreement, except for the rights and obligations set forth in this Agreement, defendants DOCS, Moffit, McKenna and Moscicki hereby release and forever discharge Plaintiff from all claims which they have from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that defendants DOCS, Moffit, McKenna, and Moscicki ever had, now have, or shall or may have in the future against the Plaintiff, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to the date of this Agreement. This General Release in favor of Plaintiff does not apply to amounts due the State of New York, if any, as set forth in Paragraph 3 of Section 200 of the State Finance Law.

11. **Future Employment**: Plaintiff agrees that she will not seek, apply for or accept employment or contracted work at the New York State Department of Correctional Services ("DOCS") at any time in the future, and hereby waives claims that may accrue to her from rejection of any application for employment or contracted work at DOCS. Subject to the provisions of paragraph 6 above, Plaintiff acknowledges that DOCS has no obligation, contractual or otherwise, to hire, employ or contract Plaintiff in the future. Should Plaintiff, in violation of this provision, seek, apply for or accept employment or contracted work at DOCS and initiate any form of legal claim or action based thereupon against DOCS and/or the State of New York, the parties agree that said claim or action will be subject to dismissal with prejudice pursuant to this paragraph.

12. **No Other Action Commenced**: Other than the Action, and the related Worker's Compensation claims referred to and described in paragraph 9(g) above, Plaintiff represents that she has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against New York State, its officers and employees; and/or against any of the Defendants; and/or against any of the Department of Correctional Services's divisions, employees and/or agents, on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

13. **No Prevailing Party**: Neither Plaintiff nor any and/or all Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to the Action.

11

14.     **Successors and Assigns**: The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15.     **Authority**: Each signatory to this Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

16.     **Voluntary Agreement**: Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney and that she, he or it has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

17.     **No Admission of Liability**: It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or Action or as constituting any admission of wrongdoing or liability on the part of any of the Defendants, individually or collectively, or any of their employees; and that Defendants expressly deny any wrongdoing or liability.

18.     **No Precedential Value**: This Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall

12

have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence, or for any other purpose, except in an action or proceeding to enforce or modify this agreement. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendants, any constituent unit of the Department of Correctional Services, or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

19. **Entire Agreement**: This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20. **Governing Law**: The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiff's release and waiver of federal claims pursuant to paragraph 9 of this Agreement.

21. **Severability**: If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings**: The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have duly executed this Agreement.

Dated: January 14, 2009

_____
Lisa Borrello

Dated: January 14, 2009

_____
Robert L. Boreanaz, Esq.
Lipstiz, Green, Scime, Cambria, LLP
*Attorneys for Plaintiff Lisa Borrello*
42 Delaware Avenue, Suite 300
Buffalo, New York 14202
(716) 849-1333
rboreanaz@lglaw.com

Dated: January 14th, 2009

_____
Thomas W. Bender, Esq.
Bender, Crawford & Bender, LLP
*Attorneys for Defendant*
*New York State Department of Correctional Services*
68 Niagara Street
Buffalo, New York 14202
(716) 856-3200
tbender@bendercrawford.com

Dated: January 14, 2009

_____
Andrew Lipkind, Esq.
Law Office of Andrew Lipkind
*Attorneys for Defendant*
*Superintendent Ronald Moscicki*
6225 Sheridan Drive, Suite 206
Williamsville, New York 14221-4800
(716) 633-4485
alipkind@lipkind.com

Dated: January 14, 2009

_____
Rodney O. Personius, Esq.
Personius & Melber, LLP
*Attorneys for Defendant*
*Richard Moffit*
1620 Statler Towers
Buffalo, New York 14202
(716) 855-1050
rop@personiusmelber.com

Dated: January 14, 2009

_____
Stephen F. Pusatier, Esq.
Pusatier, Sherman, Abbott & Sugarman
*Attorneys for Defendant*
*Brian McKenna*
2464 Elmwood Avenue
Kenmore, New York 14217
(716) 873-6765
sfp@psasattorneys.com

Dated: January ___, 2009.

SO ORDERED: _____
RICHARD J. ARCARA, Chief Judge
United States District Court

14

# EXHIBIT A

## IRREVOCABLE LETTER OF RESIGNATION

Dated: January 14, 2009

Dear Superintendent Moscicki:

Effective at the close of business on the day that I sign this Irrevocable Letter of Resignation and the Stipulation of Settlement of my lawsuit against the New York State Department of Correctional Services, et al. (filed under civil number 00-CV-0177A in the United States District Court for the Western District of New York), I, Lisa Borrello, hereby irrevocably resign from my employment with the New York State Department of Correctional Services at Lakeview Shock Incarceration Correctional Facility.

_____
Lisa Borrello
Head Cook